**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,     )
    )
    )
    )
v.     )      **ID No. 1509009858**
    )
    )      **Cr. A. Nos. 15-12-1177, etc.**
BENJAMIN RAUF,     )
    )
     Defendant.     )

## CERTIFICATION OF QUESTIONS OF LAW

This 25th day of January, 2016, the Court having found that:

(1) The nature and stage of the proceedings are as follows: Defendant Benjamin Rauf ("Rauf") was charged by indictment with a count of first-degree intentional murder, a count of first-degree felony murder, possession of firearm during those felonies, and first-degree robbery. Rauf now awaits trial, and the State has announced its intent to seek the death penalty for the murder counts.

(2) The following facts are undisputed:

(a) On December 21, 2015, a grand jury indicted Rauf for two counts of first-degree murder involving one victim. The indictment charges that Rauf, on or about August 23, 2015, in New Castle County: (i) intentionally caused the death of Shazim Uppal by shooting him; and

-1-

(ii) also recklessly caused Mr. Uppal's death, while Rauf was engaged in the commission of, attempted commission of, or flight after committing or attempting first-degree robbery.

(b) Eleven *Del. C.* § 4209 sets forth the procedures for determining whether one convicted of first-degree murder shall be punished by life imprisonment or death.

(c) The United States Supreme Court in *Hurst v. Florida* recently held Florida's capital sentencing scheme unconstitutional because "[t]he Sixth Amendment requires a jury, not a judge, to find each fact necessary to impose a sentence of death."[1]

(d) More recently, in *Kansas v. Carr*, the United States Supreme Court found no constitutional violation in Kansas's capital sentencing system in which "[t]he [jury] instruction makes clear that both the existence of aggravating circumstances and the conclusion that they outweigh mitigating circumstances must be proved beyond a reasonable doubt."[2]

(3) The questions of law set forth below should be certified to the Supreme Court of the State of Delaware for the following reasons:

---

[1] ___ U.S. ___, 2016 WL 112683, at *3 (Jan. 12, 2016).

[2] ___ U.S. ___, 2016 WL 228342, at *9 (Jan. 20, 2016).

-2-

(a)    The questions of law implicate important issues regarding Delaware's capital sentencing procedures found in 11 *Del. C.* § 4209.

(b)    Our highest federal and state courts have long and consistently recognized state capital sentencing schemes, including those of Florida and Delaware, consist of an "eligibility" or "narrowing" phase and a "selection" or "weighing" phase.[3]

(c)    As found by the United States Supreme Court, "the Florida sentencing statute does not make a defendant eligible for death until 'findings *by the court* that such person shall be punished by death.'"[4] Those findings, made by "[t]he trial court *alone*," are "'the *facts* . . . [t]hat sufficient aggravating circumstances exist'" and "'[t]hat there are insufficient mitigating circumstances to outweigh the aggravating circumstances.'"[5] Of particular concern to the Court when holding Florida's

---

[3]    *See, e.g., Kansas v. Carr*, ___ U.S. ___, 2016 WL 228342, at *8 (Jan. 20, 2016); *Zant v. Stephens*, 462 U.S. 862, 878-79 (1983); *Brice v. State*, 815 A.2d 314, 322 (Del. 2003).

[4]    *Hurst v. State*, ___ U.S. ___, 2016 WL 112683, at *6 (Jan. 12, 2016) (emphasis in original) (quoting FLA. STAT. § 775.082(1) (2010)).

[5]    *Id.* (second emphasis added).

-3-

capital sentencing scheme unconstitutional: "Florida does not require the jury to make the critical findings necessary to impose the death penalty."[6]

(d) Before any Delaware capital sentencing hearing commences, the State provides written notice of "any aggravating circumstances," statutory or non-statutory, it alleges exist.[7] Section 4209 of Title 11 then requires, at the narrowing or eligibility phase, that "the jury . . . first finds unanimously and beyond a reasonable doubt the existence of at least 1 statutory aggravating circumstance."[8] This constitutional requirement of jury fact-finding is, therefore, satisfied.[9] But at the ultimate selection or weighing phase of a Delaware capital sentencing proceeding, the Court (*i.e.*, sentencing judge) *alone* considers "all relevant evidence in aggravation" to determine which alleged aggravating circumstances, statutory or non-statutory, exist.[10] And the Court "shall impose a sentence of death" if the Court *alone* "finds by a preponderance of the evidence . . . that the aggravating circumstances found by the Court to exist outweigh the

---

[6]    *Id.* at *5.

[7]    DEL. CODE ANN. tit. 11, § 4209(c)(1) (2015).

[8]    *Id.* at § 4209(d)(1).

[9]    *See Swan v. State*, 820 A.2d 342, 359 (Del. 2003); *Brice v. State*, 815 A.2d 314, 322 (Del. 2003).

[10]    DEL. CODE ANN. tit. 11, § 4209(d)(1) (2015).

-4-

mitigating circumstances found by the Court to exist."[11]  Post-*Hurst*, it is unclear, whether this second "critical finding" – which not only permits, but requires, the imposition of a death sentence – comports with constitutional requirements as "[t]he Sixth Amendment requires a jury, not a judge, to find *each* fact necessary to impose a sentence of death."[12]

(4)  The important and urgent reasons for an immediate determination by the Supreme Court of the questions certified are:

(a)  Over two dozen capital murder cases are currently pending trial in this Court.  Four of those cases are scheduled to commence trial in less than 120 days.  At least three of the pending death penalty cases have had motions filed after *Hurst v. Florida* asking the Court to declare Delaware's capital sentencing scheme unconstitutional.

(b)  Delaware's capital cases must proceed only under sentencing procedures that comport with federal and state constitutional requirements for the determination of a potential sentence of death.

(5)  If certification is accepted, it is recommended that Defendant Benjamin Rauf, who is represented by the Public Defender's Office of the Office of Defense Services, be appellant for the purposes of the caption on

---

[11]  *Id.*

[12]  *Hurst v. Florida,* ___ U.S. ___, 2016 WL 112683, at *3 (Jan. 12, 2016) (emphasis added).

any filings in the Supreme Court of Delaware and that the State of Delaware be appellee for purposes of the caption on any filings in the Supreme Court of Delaware with respect to the questions of law certified.

**NOW, THEREFORE, IT IS ORDERED** that the following questions of law are certified[13] to the Supreme Court of the State of Delaware for disposition in accordance with Rule 41 of the Supreme Court:

1. Under the Sixth Amendment to the United States Constitution and/or Article I, Sections 4 and 7 of the Delaware Constitution, may a sentencing judge in a capital jury proceeding, independent of the jury, find the existence of "any aggravating circumstance," statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding?

2. If the finding of the existence of "any aggravating circumstance," statutory or non-statutory, that has been alleged by the State for weighing in the selection phase of a capital sentencing proceeding must be made by a jury, must the jury make that finding unanimously and beyond a reasonable doubt to comport with federal and state constitutional standards?

3. Do the Sixth Amendment to the United States Constitution and/or Article I, Sections 4 and 7 of the Delaware Constitution require a jury, not a sentencing judge, to find that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist because, under 11 *Del. C.* § 4209, this is the critical finding upon which the sentencing judge "shall impose a sentence of death"?

---

[13] While this certification is *sua sponte*, the Court did invite the parties to submit proposed questions for certification. The parties' submissions are attached as Exhibits A and B.

4. If the finding that the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist must be made by a jury, must the jury make that finding unanimously and beyond a reasonable doubt to comport with federal and state constitutional standards?

5. If any procedure in 11 *Del. C.* § 4209's capital sentencing scheme does not comport with federal and state constitutional standards, can the provision for such be severed from the remainder of 11 *Del. C.* § 4209, and the Court proceed with instructions to the jury that comport with federal and state constitutional standards?

PAUL R. WALLACE
Judge

DATED: January 25, 2016

cc: Brian J. Robertson, Deputy Attorney General
Elizabeth R. McFarlan, Deputy Attorney General
John R. Williams, Deputy Attorney General
Cari A. Chapman, Deputy Attorney General
Ross A. Flockerzie, Esquire
David C. Skoranski, Esquire



DEPARTMENT OF JUSTICE
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON, DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499

**MATTHEW P. DENN**
ATTORNEY GENERAL

January 20, 2016

The Honorable Paul R. Wallace
New Castle County Courthouse
500 N. King Street
Wilmington, DE 19801

Re: Certification of Questions regarding *Hurst v. Florida*

Dear Judge Wallace,

Please accept the questions below as the Department of Justice's proposed questions for certification to the Delaware Supreme Court regarding the impact of the United States Supreme Court's recent decision in *Hurst v. Florida*, finding Florida's capital sentencing scheme to be unconstitutional.

Question #1: Does the United States Supreme Court's decision in *Hurst v. Florida*, ___ U.S. ___, 2016 WL 112683 (Jan. 12, 2016), apply to Delaware 11 *Del C.* § 4209 in light of the differences between Delaware's law and the Florida statute at issue in *Hurst*?

Question #2: If the answer to Question #1 is yes, may a capital sentencing judge in a jury proceeding independently find a statutory or non-statutory aggravating circumstance?

Question #3: If the answer to Question #1 is yes, must a capital jury after *Hurst v. Florida* now find all statutory and non-statutory aggravating circumstances unanimously and beyond a reasonable doubt?

Question #4: If the answer to Question #3 is yes, may the power of judicial finding of aggravation evidence be severed from the remainder of 11 Del. C. § 4209?

Respectfully submitted,

Elizabeth R. McFarlan
Chief of Appeals

**EXHIBIT A-1**



MATTHEW P. DENN
ATTORNEY GENERAL

**DEPARTMENT OF JUSTICE**
NEW CASTLE COUNTY
820 NORTH FRENCH STREET
WILMINGTON DELAWARE 19801

CIVIL DIVISION (302) 577-8400
FAX (302) 577-6630
CRIMINAL DIVISION (302) 577-8500
FAX (302) 577-2496
FRAUD DIVISION (302) 577-8600
FAX (302) 577-6499

January 22, 2016

The Honorable Paul R. Wallace
New Castle County Courthouse
500 N. King Street
Wilmington, DE 19801

Re:  *State of Delaware v. Benjamin Rauf*, ID No. 1509009858
     Revised Certification of Questions regarding *Hurst v. Florida* and *Kansas v. Carr*

Dear Judge Wallace,

Please accept the Department of Justice's revised proposed questions for certification to the Delaware Supreme Court regarding the impact of the United States Supreme Court's recent decisions in *Hurst v. Florida*, ___ U.S. ___, 2016 WL 112683 (Jan. 12, 2016), and *Kansas v. Carr*, ___ U.S. ___, 2016 WL 228342 (Jan. 20, 2016), on Delaware's capital jury sentencing scheme.

Question #1: Does the Delaware capital jury statutory sentencing scheme, requiring a unanimous finding of at least one statutory aggravating circumstance in the eligibility phase (11 *Del. C.* § 4209(e)(3)a.1) and a weighing of the aggravating and mitigating factors in the selection phase (11 *Del. C.* § 4209(e)(3)a.2), comport with constitutional standards?

Question #2: May a sentencing judge in a capital jury proceeding independently find a statutory or non-statutory aggravating circumstance in the selection phase (11 *Del. C.* § 4209(d))?

Question #3: If the answer to Question #2 is no, may the power of judicial finding of aggravation evidence be severed from the remainder of 11 Del. C. § 4209?

Question #4: Must a jury in a capital sentencing proceeding find all aggravating circumstances unanimously and beyond a reasonable doubt in the selection phase?

Question #5: May a jury in a capital sentencing proceeding weigh mitigating against aggravating circumstances without a standard of proof thereby allowing the jury to freely engage in an assessment of mercy.

Respectfully submitted,

Elizabeth R. McFarlan
Chief of Appeals

cc:  Criminal Prothonotary
     Ross Flockerzie

**EXHIBIT A-2**



2016 JAN 25 PM 3:00 FILED PROTHONOTARY

# OFFICE OF DEFENSE SERVICES
## PUBLIC DEFENDER'S OFFICE
### ELBERT N. CARVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### WILMINGTON, DELAWARE 19801

**BRENDAN O'NEILL**
**CHIEF DEFENDER**

**TODD E. CONNER**
**CHIEF DEPUTY**

**ROSS A. FLOCKERZIE**
**ASSISTANT PUBLIC DEFENDER**

**TELEPHONE**
**(302) 577-5129**

January 22, 2016

The Honorable Paul R. Wallace
Judges Chambers
Superior Court
New Castle County Courthouse
500 N. King Street
Wilmington, Delaware 19801

     Re:  State of Delaware v. Benjamin Rauf
          Case I.D. Number: 1509009858

Your Honor:

Below please find the Defense's proposed questions for certification to the Delaware Supreme Court in this matter:

1. In light of *Hurst v. Florida*___ U.S. ___, 2016 WL 112683 (Jan. 12, 2016), is 11 *Del. C.* 4209 constitutional under the Sixth Amendment to the United States Constitution or Article 1, Section 7 of the Delaware Constitution?

2. Does 11 *Del. C.* 4209(d)(1)'s requirement that a judge, independent of the jury, find the existence or non-existence of aggravating or mitigating circumstances, and then, again independent of the jury, make a finding as to whether the aggravating circumstances outweigh the mitigating circumstances, violate the Sixth Amendment to the United States Constitution?

Respectfully Submitted,

Ross A. Flockerzie, Esquire   David C. Skoranski, Esquire

RAF/kj

# EXHIBIT B